THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JEFFREY PARNELL RINGSTAD, <br><br> Petitioner, <br><br> v. <br><br> KELLY SPARKS, <br><br> Respondent. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 1:19-CV-90-HCN <br><br> Howard C. Nielson, Jr. <br> United States District Judge |

Petitioner Jeffrey Parnell Ringstad, through counsel, brings this habeas corpus action under 28 U.S.C. § 2254. Having carefully considered Mr. Ringstad's habeas petition, the parties' briefing, and the state court record, the court concludes that Mr. Ringstad has failed to demonstrate that he is entitled to federal habeas relief. The court therefore denies the petition.

I.

A jury found Mr. Ringstad guilty of "two counts of rape of a child, one count of object rape of a child, two counts of sodomy on a child, and three counts of aggravated sexual abuse of a child, all first degree felonies." *State v. Ringstad*, 424 P.3d 1052, 1056 (Utah Ct. App. 2018). He was then sentenced to five terms of twenty-five years to life and three terms of fifteen years to life, with one of the twenty-five year sentences and one of the fifteen-year sentences to run consecutively, and the remaining sentences to run concurrently. *See* Dkt. No. 4-3 at 68.

Mr. Ringstad lived with his younger stepdaughter, her mother (to whom Mr. Ringstad was married), and an older stepdaughter. *See Ringstad*, 424 P.3d at 1056. The court will follow the state appellate court's lead and refer to these individuals as "Victim," "Mother," and "Sister," respectively. In September 2013, Mr. Ringstad told Mother that he was having an affair. *See id.* at 1057. Mr. Ringstad and Mother separated shortly thereafter and eventually divorced. *See id.* at

1057 n.4. After Mr. Ringstad "moved out, Victim told a school counselor that [Mr. Ringstad] had sexually abused her." *Id.* at 1057. One month later, during a police interview, Mr. Ringstad admitted that he had "touched Victim's private areas with [his] hands and with [his] privates two or three times." *Id.* (cleaned up). At trial, the jury viewed the recording of this police interview. *See id.*

While Mr. Ringstad was charged with crimes only against Victim, "[a]t trial, Sister testified—without objection from trial counsel or intervention by the trial court—that [Mr. Ringstad] had raped her approximately thirty times." *Id.* at 1060. Indeed, trial counsel stipulated to the admission of this testimony as part of a trial strategy designed to convince the jury that Victim's and Sister's testimonies were fabricated. *See id.* at 1062–64. Mr. Ringstad argued on appeal that "the admission of evidence regarding other violent sexual crimes allegedly committed against a person other than the complaining witness was error that deprived him of his right to a fair trial." *Id.* at 1060 (cleaned up). Although this issue was not preserved for appeal, Mr. Ringstad asserted that the merits could be reached "via the plain error and ineffective assistance of counsel exceptions to preservation." *Id.* The Utah Court of Appeals rejected these arguments and affirmed Mr. Ringstad's convictions. *See id.* at 1061–65. The Utah Supreme Court subsequently denied Mr. Ringstad's petition for review. *See State v. Ringstad*, 425 P.3d 802 (Utah 2018) (Table).

## II.

Mr. Ringstad asserts two grounds in support of his petition for a writ of habeas corpus. First, he argues that he received "[i]neffective assistance of counsel" because his "trial counsel did not object to [Sister's] testimony regarding a number of uncharged and unproven alleged past

2

criminal acts." Dkt. No. 1 at 5. Second, he contends that the trial court plainly erred in "fail[ing] to sua sponte exclude" "or limit" Sister's testimony. *Id.* at 7.

Respondent responds that Mr. Ringstad "cannot meet the . . . standard for relief" under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because "[h]e has neither argued nor demonstrated that the decision of the State court 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or that the decision was 'based on an unreasonable determination of the facts.'" Dkt. No. 4 at 1 (quoting 28 U.S.C. § 2254(d)).

In his subsequent reply, Mr. Ringstad "asks that he be allowed to gather experts and present expert testimony about the reasonableness of trial counsel's strategy" to support his argument "that such strategy was fundamentally unsound and objectively unreasonable." Dkt. No. 8 at 1. Rather than address Respondent's arguments that he failed to meet his burden under AEDPA, Mr. Ringstad argues that AEDPA is unconstitutional and that he should be allowed to relitigate the claims he made before the state court of appeals. *See id.* at 2–3.

### III.

The court concludes that Mr. Ringstad has failed to meet his burden of establishing that he is entitled to federal habeas relief on his ineffective assistance of counsel claim and that the court is barred from reviewing his plain error claim. The court also rejects his argument that AEDPA is unconstitutional and denies his request for an evidentiary hearing.

### A.

Under AEDPA, a federal court may grant a petition for a writ of habeas corpus on behalf of a person whose claims were "adjudicated on the merits in State court proceedings" only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court" or "was based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). The court's inquiry is limited to analyzing the state court's adjudication of Mr. Ringstad's claims under this standard. The inquiry is not whether the state court's decision was correct or whether this court might have reached a different outcome. *See Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003).

The standard for reviewing a state court's decision is "highly deferential," and "[t]he petitioner carries the burden of proof." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks omitted). Although "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings[,]" the demanding standard for relief under Section 2254(d) is meant to be "difficult to meet." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

The Section 2254(d) standard applies to Mr. Ringstad's claim of ineffective assistance of counsel because this claim was adjudicated on the merits by the Utah Court of Appeals.[1] Mr. Ringstad presented this claim on appeal and the state court rejected it, applying federal law and concluding that his "counsel's choice to use Sister's testimony as part of the defense's trial strategy did not constitute ineffective assistance of counsel in light of the other evidence." *Ringstad*, 424 P.3d at 1064. The AEDPA standard does not apply to Mr. Ringstad's plain error claim, however, because the state court determined that the claim was procedurally barred by Utah's "invited error doctrine." *Id.* at 1064–65.[2]

---

[1] The court looks to the decision of the Utah Court of Appeals in *State v. Ringstad*, 424 P.3d 1052, because it is the last reasoned state-court opinion deciding his claims. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

[2] Though "a summary decision without even . . . cursory reasoning . . . can constitute an 'adjudication on the merits' . . . provided that the decision was reached on substantive rather than procedural grounds," the AEDPA "standard does not apply where the state court did not decide a claim on its merits." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999).

4

After reviewing the state appellate court's decision, the court cannot say that that court's rejection of Mr. Ringstad's ineffective assistance of counsel claim was contrary to federal law, unreasonably applied federal law, or was based on an unreasonable determination of the facts in light of the evidence. Indeed, Mr. Ringstad makes no attempt to show that the demanding standard for relief imposed by Section 2254 is satisfied. He has thus failed to carry his burden of proof under this provision with respect to his ineffective assistance of counsel claim. As for Mr. Ringstad's plain error claim, the court is not entirely convinced that this claim implicates any federal right—under the federal constitution or any other applicable federal law—that would make this claim eligible for federal habeas review. But assuming such a right is implicated, the court concludes that the state court's plain error ruling rests on a state procedural rule (the invited error doctrine) that is both independent and adequate and thus bars federal review. And even if Mr. Ringstad's plain error claim were not so barred, Mr. Ringstad has failed to show that he is entitled to habeas relief on his plain error claim.

1.

The court has "authority to issue the writ" under Section 2254(d)(1) only "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Richter*, 562 U.S. at 102. The court may grant the petition under Section 2254(d)(2) only if "the state court plainly misapprehended or misstated the record in making its findings, and the misapprehension goes to a material factual issue that is central to the petitioner's claim." *Harris v. Sharp*, 941 F.3d 962, 972 (10th Cir. 2019) (cleaned up).

In reaching its conclusion on Mr. Ringstad's claim that he was provided ineffective assistance of counsel, the state court applied the standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Ringstad*, 424 P.3d at 1061. It is well settled

that *Strickland* provides the "clearly established federal law" on the "effective assistance guarantee of the Sixth Amendment." *Pinholster*, 563 U.S. at 189. The state court reasoned that "to establish ineffective assistance of counsel, an appellant must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced the defense." *Ringstad*, 424 P.3d at 1061. (citing *Strickland*, 466 U.S. at 687) (cleaned up). The state court also explained that "an appellant must rebut a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (citing *Strickland*, 466 U.S. at 689) (cleaned up).

Reviewing the factual record, the state court determined that Mr. Ringstad's trial counsel deliberately decided not to object to Sister's testimony as part of a trial strategy. *See id.* at 1062. Mr. Ringstad's trial counsel's strategy was to signal to the jury "how extreme" Sister's allegations were and to point out "inconsistencies" in her testimony in an attempt to persuade the jury that Victim's and Sister's allegations were both fabricated. *See id.* at 1064. The state court quoted several portions of the trial transcript that showed how Mr. Ringstad's counsel pursued this strategy. *See id.* at 1062–64. The court applied *Strickland* and held that, "[g]iven the totality of the evidence, including Defendant's confession and Victim's detailed testimony, pursuing a fabrication defense was a reasonable trial strategy." *Id.* at 1064. It accordingly rejected Mr. Ringstad's ineffective assistance of counsel claim. *See id.*

After careful review, this court cannot say that the state appellate court contravened or unreasonably applied the legal rule clearly established by *Strickland* by determining that defense counsel's decision not to object to the admission of Sister's testimony reflected a trial strategy that was reasonable in light of the substantial evidence of Mr. Ringstad's guilt offered to the jury

and inconsistencies in Sister's testimony. Mr. Ringstad's only argument that is remotely related to the AEDPA standards is that "[t]he invited error doctrine . . . is . . . ill-equipped to address the questions identified by *Strickland*" and that "[b]ecause *Strickland* identifies the right, the invited error doctrine cannot be a bar to *habeas* relief where the failure to object violates objective standards of reasonableness and the performance prejudiced the defense." Dkt. No. 8 at 2–3. But the state court did not rely on the "invited error doctrine" in deciding Mr. Ringstad's ineffective assistance of counsel claim. Rather, as will be explained later, the state court invoked this doctrine to reject Mr. Ringstad's plain error claim.

Based on the court's review of the state court's decision and Mr. Ringstad's failure to demonstrate that the state court's decision regarding his claim of ineffective assistance of counsel "was contrary to" or "unreasonably applied clearly established Federal Law, as determined by the Supreme Court," or "was based on an unreasonable determination of the facts," the court concludes that Mr. Ringstad is not entitled to habeas relief on this claim.

**2.**

"A federal habeas court will not review a claim rejected by a state court if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 562 U.S. 307, 315 (2011) (cleaned up). It follows that when a claim has "been defaulted in state court on an independent and adequate state procedural ground," the court will not address it on habeas review "unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Harmon v. Sharp*, 936 F.3d 1044, 1060 (10th Cir. 2019).

In rejecting Mr. Ringstad's plain error claim, the state court relied on the invited error doctrine. Specifically, the state court held that "[e]ven assuming that the admission of . . .

Sister's testimony[] was both erroneous and harmful," "the trial court did not plainly err in admitting Sister's testimony" because Mr. Ringstad's counsel stipulated pretrial that Sister would testify and "[t]he doctrine of invited error prohibits a party from setting up an error at trial and then complaining of it on appeal." *Ringstad*, 424 P.3d at 1065 (internal quotation marks omitted). The state court applied this doctrine based on state, not federal, law. It follows that it is an *independent* procedural rule. And it is an *adequate* procedural rule because it is "firmly established and regularly followed" by Utah courts. *Martin*, 562 U.S. at 316 (internal quotation marks omitted).[3]

It is true that, after rejecting the plain error claim based on the invited error doctrine, the state court ruled in the alternative that "moreover, a trial court is not required to . . . second-guess a nonobjecting party's . . . trial strategy," and, "consequently, where defense counsel was not ineffective for failing to object to the State's use of the rule 404(b) evidence, there was no plain error" by the trial court in not *sua sponte* excluding such evidence. *Ringstad*, 424 P.3d at 1065 (cleaned up). To the extent this alternative holding turns, at least in part, on an interpretation of federal law, the plain error claim is nevertheless procedurally defaulted. For as the Tenth Circuit has explained,

> When a state court determines that a procedural bar exists and then reaches the merits of a federal claim as an alternative holding, federal courts must "honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law." Thus, a federal habeas court should not "reach the merits of a federal claim where the state court addressed the merits" when "the state court clearly alternatively held that the petitioner had procedurally defaulted."

---

[3] *See State v. Redding*, 172 P.3d 319, 325 (Utah 2007) ("Under the doctrine of invited error, we have declined to engage in even plain error review when counsel, either by statement or act, affirmatively represented to the trial court that he or she had no objection to the action taken.") (cleaned up); *State v. Winfield*, 128 P.3d 1171, 1175 (Utah 2006) ("Our invited error doctrine arises from the principle that a party cannot take advantage of an error committed at trial when that party led the trial court into committing the error.") (internal quotation marks omitted).

8

*Harmon*, 936 F.3d at 1060–61 (quoting *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989), and *Shafer v. Stratton*, 906 F.2d 506, 508–10 (10th Cir. 1990)).

Mr. Ringstad has not expressly sought to overcome his procedural default by arguing that he has shown cause and prejudice or a fundamental miscarriage of justice. His only contention that could conceivably be construed as an attempt to establish cause is his argument that "the invited error doctrine cannot be a bar to *habeas* relief where the failure to object violates objective standards of reasonableness and the performance prejudiced the defense." Dkt. No. 8 at 2–3. While ineffective assistance of counsel can constitute cause, the Supreme Court has held that an ineffective assistance of counsel claim "generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (internal quotation marks omitted). Given this rule, the court doubts that a claim of ineffective assistance of counsel that has been rejected by a state court can establish cause where, as here, the state court's rejection of this claim neither contravened nor unreasonably applied clearly established federal law and was not based on an unreasonable determination of facts. *See, e.g., Drury v. Taylor*, 647 F.3d 535 (5th Cir. 2011); *Wolff v. Tibbles*, 2014 WL 2694227 (N.D. Ohio June 13, 2014).

Regardless, even if Mr. Ringstad were entitled to review of his plain error claim on the merits, he has not shown that he is entitled to relief under AEDPA. First, Mr. Ringstad does not cite, and this court is not aware of, any Supreme Court precedent holding that, in the absence of ineffective assistance of counsel, federal law requires a state appellate court to engage in plain error review of invited errors or bars a state trial court from accepting defense counsel's stipulation to the admission of evidence of uncharged wrongful acts allegedly committed by a defendant. Second, the record leaves no doubt that Mr. Ringstad's counsel did, in fact,

9

unequivocally stipulate to the admission of Sister's testimony. Thus, even if the court could review the plain error claim under AEDPA, Mr. Ringstad has failed to show that the state court's decision contradicted or unreasonably applied clearly established Supreme Court precedent or that it rested on an unreasonable determination of the facts.[4]

**B.**

"[A]n appellant generally waives an argument by waiting to make it in a reply brief." *Burke v. Regalado*, 935 F.3d 960, 1018 n.44 (10th Cir. 2019). Because Mr. Ringstad first argued that AEDPA is unconstitutional in his reply brief, depriving Respondent of the opportunity to respond, the court concludes that Mr. Ringstad waived this argument and accordingly declines to grant habeas relief on this ground.[5]

---

[4] Under Utah law, the party asserting plain error must show that "(i) an error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome." *State v. Bond*, 361 P.3d 104, 115 (Utah 2015) (cleaned up). Although the application of this doctrine in state court proceedings is based on state law, the court will not treat the state court's alternative holding that the trial court's admission of the stipulated evidence did not constitute plain error as an adequate and independent state ground given that the alternative holding appears to have rested primarily on the appellate court's conclusion that the trial court did not err. *See Cargle v. Mullin*, 317 F.3d 1196, 1206 (10th Cir. 2003) (explaining that when a state court denies "relief for a federal claim on plain-error review because it finds the claim lacks merit under federal law," "there is not independent state ground of decision").

[5] The court finds no merit in Mr. Ringstad's argument in all events. Mr. Ringstad's wholesale attack on AEDPA's constitutionality comprises one disjointed paragraph citing a treatise and a Supreme Court case, neither of which even addresses AEDPA. Mr. Ringstad makes no meaningful effort to connect these authorities to his argument that AEDPA is unconstitutional, apparently hoping the court will craft his argument for him. Even if Mr. Ringstad had not waived his argument that AEDPA is unconstitutional, his perfunctory argument falls far short of what would be needed to call into question the constitutionality of a statute that the Tenth Circuit "routinely applies" and "ha[s] never held . . . to be unconstitutional." *Wonderly v. Franklin*, 431 F. App'x 636, 639 (10th Cir. 2011).

## C.

When reviewing petitions under Section 2254, the court "can only order evidentiary hearings if the petitioner meets the requirements in *both* §§ 2254(d) and (e)(2)." *Smith v. Aldridge*, 904 F.3d 874, 886, n.6 (10th Cir. 2018) (extending the holding in *Pinholster*, 563 U.S. at 181, which provided that "review under § 2254(d)(1) is limited to the record that was before the state court"). Mr. Ringstad asks for an evidentiary hearing to help him flesh out his ineffective assistance of counsel claim. But as already explained, the court is barred from granting relief under Sections 2254(d)(1) and (d)(2). It follows that the court is barred from ordering an evidentiary hearing.

Mr. Ringstad has also failed to carry—or even to acknowledge—the heavy burden established by AEDPA for obtaining an evidentiary hearing. Under Section 2254(e)(2), the court may "hold an evidentiary hearing" only if a petitioner "shows that . . . the claim relies on . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court . . . or . . . a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A). The petitioner must also "establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* § 2254(e)(2)(B).

Even had Mr. Ringstad attempted to carry his burden under Section 2254(e)(2)(A), he could not have succeeded. First, Mr. Ringstad's claim of ineffective assistance of counsel clearly does not rely on a new constitutional rule. Second, Mr. Ringstad could have sought post-conviction review in the state court where he could have attempted to develop a factual record to support his claim of ineffective assistance of counsel. It is also doubtful that Mr. Ringstad could carry his burden under Section 2254(e)(2)(B). Even if he could prove that he was deprived of his constitutional right to effective assistance of counsel, he has provided no evidence or argument

that would support a finding, by clear and convincing evidence, that but for this purported constitutional violation no reasonable jury would have convicted him. Indeed, it would be difficult for Mr. Ringstad to make such a showing given the evidence that would have still been presented to the jury even had his counsel not stipulated to the admission of Sister's testimony—including Mr. Ringstad's videotaped confession and Victim's detailed testimony.

Because Mr. Ringstad has not satisfied the requirements of 28 U.S.C. §§ 2254(d) and (e)(2), the court denies his request for an evidentiary hearing.

\*   \*   \*

For the foregoing reasons, Mr. Ringstad's petition for a writ of habeas corpus is **DENIED**. A certificate of appealability is also **DENIED**.

**IT IS SO ORDERED.**

Dated this 21st day of November, 2022.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge